IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**ANGEL EPLEY, Individually and on**  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                              No. 6:20-cv-6006-RTD

**STARTEK USA, INC.**                              **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Angel Epley ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint–Collective Action against Defendant Startek USA, Inc. ("Defendant"), she does hereby state and allege as follows:

**I.    INTRODUCTION**

1.      This is a collective action bought by Plaintiff, individually and on behalf of other customer service agents employed by Defendant at any time within a three-year period preceding the filing hereof.

2.      Plaintiff, on behalf of herself and all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and Ark. Code Ann. § 11-4-405 for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay

Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

## II.     JURISDICTION

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations and violation of Ark. Code Ann. § 11-4-405, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within and throughout the State of Arkansas, operating and managing a telephone call center in Hot Springs, among other enterprises and other call center locations.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Hot Springs Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is an individual and resident and domiciliary of the State of Arkansas.

10. At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

11. At all times material herein, Plaintiff and all others similarly situated were classified by Defendant as non-exempt from the overtime requirements of the FLSA when they worked as customer service agents.

12. Defendant is an "employer" within the meanings set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13. Defendant is a Colorado corporation licensed to conduct business in Arkansas, providing its clients with customer contact management services and operating, among other places, a customer service call center located in Hot Springs.

14. Defendant employs no fewer than three hundred (300) hourly-paid employees at its Hot Springs location.

15. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

16. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

17. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. Defendant's registered agent for service of process for the state of Arkansas is CT Corporation System, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

### IV.   FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20. At all relevant times herein, Defendant was the "employer" of Plaintiff and all others similarly situated within the meaning of the FLSA.

21. During the period relevant to this lawsuit, Plaintiff worked at Defendant's call center in Hot Springs as a customer service agent.

22. At all relevant times herein, Defendant directly hired Plaintiff and all others similarly situated to work in Defendant's customer service call center(s), paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and all others similarly situated violated the FLSA.

24. Plaintiff and other customer service agents were classified by Defendant as non-exempt under the FLSA and were paid an hourly rate plus an overtime premium for all hours worked over forty in a workweek.

25. At all relevant times herein, Defendant failed to accurately record all of the time worked off the clock by Plaintiff and the other customer service agents and failed to properly compensate all of the off-the-clock hours.

26. At all relevant times herein pursuant to Defendant's common practice, Plaintiff and all others similarly situated were required to work off the clock, including but not limited to reporting to work, preparing to take customer calls, completing paperwork and performing general office project tasks and maintenance.

27. Further, Defendant had a policy of requiring its customer service agents to log out of the time recording system for system maintenance. If customer service agents were unable to take or place calls due to a system error, Defendant required the customer service agents to log out until the system was repaired, but required the customer service agents to remain on site.

28. This clocking out requirement resulted in Plaintiff and other customer service agents not being paid for all hours worked, and even if Plaintiff and those similarly situated were not talking on the phone for a period of time, they were still engaged in work for Defendant including but not limited to filling out information in the software systems, tracking data, and conversing with managers to convey important client queries.

29. Work performed by Plaintiff and other customer service agents prior to receiving pay included presenting themselves for work approximately fifteen (15) minutes prior to their scheduled shift start times in order to have sufficient time to log in to Defendant's computer system and open all operating systems and programs necessary to take the first customer call when the designated shift time began, as well as spending time asking and answering questions with agents.

30. This required pre-shift off-the-clock work occurred on a daily basis.

31. Even though the process of logging in and starting up Defendant's systems took as much as fifteen minutes, Defendant specifically instructed Plaintiff not to submit that time for payment.

32. In addition, at least two to three times each week, Plaintiff and other customer service agents were on customer service phone calls at the time their shifts ended. Plaintiff and other customer service agents were not compensated for their time spent on the phone after their shifts ended. Following the final calls, Plaintiff would have to complete administrative tasks related to the calls such as noting the calls and sending messages about the calls, in addition to the daily shutting down process described above. This entire process could take as much as fifteen minutes.

33. In addition, Plaintiff and other customer service agents were frequently clocked out while working due to malfunctions in Defendant's programs. Defendant frequently refused to adjust Plaintiff and other customer

service agents' recorded hours to account for the hours that went unrecorded due to the malfunction.

34. The pre-shift and post-shift worked described above was in addition to the recorded hours of work performed by Plaintiff and other customer service agents during their regularly-scheduled shifts.

35. Plaintiff was also regularly required to perform training for groups of Defendant's employees. These trainings took up to five hours each, but Plaintiff was not compensated for the hours she spent training other employees.

36. As such, there was a disparity between Defendant's records and Plaintiff's actual hours worked.

37. In addition to their hourly rate, Plaintiff and similarly situated customer service agents periodically received nondiscretionary bonuses.

38. Plaintiff and similarly situated employees received bonuses if they met certain objective requirements such as completing a certain number of customer calls.

39. These nondiscretionary bonuses were a form of compensation to Plaintiff and similarly situated employees.

40. During weeks in which Plaintiff and similarly situated customer service agents worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Cooper and similarly situated employees.

41. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

42. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the nondiscretionary bonus, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

43. Finally, Defendant frequently and illegally deducted portions of Plaintiff's paycheck to pay for gift cards and other amenities for other employees. Defendant failed to reimburse Plaintiff for these deductions.

44. As a direct result of Defendant's policies, even though Plaintiff and other customer service agents worked more than forty (40) hours in many weeks that they worked for Defendant during time period relevant to this Complaint, they were not compensated for all of their overtime hours worked.

45. At all relevant times herein, Defendant has deprived Plaintiff and other customer service agents of regular wages and overtime compensation for all of the hours over forty (40) per week.

46. In all, Plaintiff and other customer service agents worked up to fifteen (15) hours of overtime each week for Defendant for which they were not properly compensated.

47. Defendant terminated Plaintiff's employment in December of 2019.

48. Plaintiff did not receive her final paycheck, or did not receive all the funds owed to her in her final paycheck. To date, Plaintiff has not received the full amount of her final paycheck.

## V. REPRESENTATIVE ACTION ALLEGATIONS

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated customer service agents at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

   B. Liquidated damages; and

   C. The costs of this action, including attorney's fees.

51. Plaintiff proposes the following collective under the FLSA:

**All hourly-paid customer service agents or similar positions who worked at least 39 hours in any week, or who received a bonus in connection with work performed during any week in which they worked at least 39 hours, in the past three years.**

52. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file a Consent to Join this lawsuit.

53. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and

continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

54. The proposed collective of opt-in plaintiffs in this case is defined as all persons who meet the following requirements:

A. They were employed by Defendant as an hourly-paid customer service agent;

B. They received non-discretionary bonuses as part of their compensation plan; and

C. They were required to perform work off the clock and denied the proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

55. The proposed FLSA collective members who worked as customer service agents are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA when working as a customer service agent;

B. They performed the same or similar job duties;

C. They recorded their time in the same manner;

D. They were subject to Defendant's common practice requiring customer service agents to perform pre-shift, non-call time and post-shift work for which they were not paid;

E. They received non-discretionary bonuses as part of their compensation plan, which was not included in their regular rates when their overtime premiums were calculated; and

F. They were subject to Defendant's common practice of paying customer service agents according to their working hours recorded by Defendant's time clock and/or allowed by Defendant rather than their hours actually worked.

56. Plaintiff is unable to state the exact number of the collective but believe that the collective is not less than three hundred (300) persons.

57. Defendant can readily identify the members of the Section 16(b) collective, which encompasses all customer service agents.

58. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, first class mail or email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claims, and posting at the facility.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

60. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

61. At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

62. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

64. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA when Plaintiff worked as a customer service agent.

65. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

66. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

67. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff for all hours worked, including an overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

68. Defendant failed to pay Plaintiff minimum wage during her final pay period.

69. Defendant's failure to pay Plaintiff all wages owed was willful.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

71. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

72. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

73. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all others similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

74. Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA when they worked as hourly-paid customer service agents for Defendant.

75. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

76. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as

nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

77. Upon information and belief, Plaintiff and all or almost all hourly-paid employees who received nondiscretionary bonuses regularly worked more than forty (40) hours in a week.

78. Upon information and belief, Defendant failed to pay these workers at the proper overtime rate.

79. Despite the entitlement of Plaintiff and the others to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and the others for all hours worked, including an overtime rate of 1.5 times their regular rates of pay for all hours worked over forty (40) in each one-week period.

80. Because these employees are similarly situated to Plaintiff, and are owed wages for the same reasons, the proposed collective is properly defined as follows:

> **All hourly-paid customer service agents or similar positions who worked at least 39 hours in any week, or who received a bonus in connection with work performed during any week in which they worked at least 39 hours, in the past three years.**

81. Defendant willfully failed to pay all wages to Plaintiff and all others similarly situated.

82. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the others for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Original Complaint.

## VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violations of AMWA)

83. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

84. Plaintiff asserts these claims for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

85. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

86. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

87. At all times relevant to this Complaint, Defendant failed to pay Plaintiff a proper overtime premium as required under the AMWA.

88. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

89. Defendant's failure to pay proper overtime wages was willful.

90. Defendant failed to pay Plaintiff a minimum wage during her final period.

91. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

### IX.   FOURTH CAUSE OF ACTION
**(Individual Claim for Violation of Ark. Code Ann. § 11-4-405)**

92.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

93.   Plaintiff asserts this claim for damages and declaratory relief pursuant to Ark. Code Ann. § 11-4-405.

94.   At all relevant times, Defendant was Plaintiff's employer for purposes of Ark. Code Ann. § 11-4-405.

95.   Ark. Code Ann. § 11-4-405 requires employers to pay all wages due to a discharged employee by the next regular payday.

96.   Defendant discharged Plaintiff but failed to pay Plaintiff all wages due to her within the requisite time period.

97.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees.

### X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Angel Epley, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D. Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiff and the collective members during the applicable statutory period;

F. An order directing Defendant to pay Plaintiff and collective members pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem necessary, just and proper.

    Respectfully submitted,

    **ANGEL EPLEY, Individually**
    **and on Behalf of All Others**
    **Similarly Situated, PLAINTIFF**

    SANFORD LAW FIRM, PLLC
    ONE FINANCIAL CENTER
    650 SOUTH SHACKLEFORD, SUITE 411
    LITTLE ROCK, ARKANSAS 72211
    TELEPHONE: (501) 221-0088
    FACSIMILE: (888) 787-2040

    _____
    Lydia H. Hamlet
    Ark. Bar No. 2011082
    lydia@sanfordlawfirm.com

    _____
    Josh Sanford
    Ark. Bar No. 2001037
    josh@sanfordlawfirm.com